UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MARCUS SMITH, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:19-cv-12-JMB |
| ANNE PRECYTHE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's *pro se* complaint. For the reasons explained below, the Court will give plaintiff the opportunity to file a signed amended complaint, and to either pay the $400 filing fee or file a motion for leave to proceed *in forma pauperis*.

## Background

On February 4, 2019, four inmates at the Moberly Correctional Center ("MCC"), including plaintiff herein Marcus Smith, filed a lawsuit pursuant to 42 U.S.C. § 1983, naming 16 defendants. Because the Court does not allow prisoners to join together and proceed *in forma pauperis* in a single lawsuit, the Court severed the plaintiffs and opened new cases for each one, using the complaint filed in the originating action. The complaint now before the Court alleges many unrelated claims, including a denial of adequate medical care, inhumane conditions of confinement, and a lack of adequate legal resources.

## Discussion

This action is subject to dismissal for several reasons. First, the complaint alleges violations of the rights of a group of inmates as a whole, and also of one William Grace-Bey, the

first-named plaintiff from the originating action. While federal law authorizes plaintiff to plead and conduct his own case personally, *see* 28 U.S.C. § 1654, he lacks standing to bring claims on behalf of others. In addition, plaintiff does not allege, nor is it apparent, that he is a licensed attorney. Only a licensed attorney may represent another person's interests in federal court. *See Lewis v. Lenc–Smith Mfg. Co*., 784 F.2d 829, 830 (7th Cir. 1986) (a person who is not licensed to practice law may not represent another individual in federal court).

Additionally, the complaint alleges a myriad of unrelated claims against a total of 16 defendants. This is an impermissible pleading practice. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims, and provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Therefore, multiple claims against a single defendant are valid.

The complaint also violates Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires that the complaint contain a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment of a pleading shall be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Additionally, the complaint is unsigned. Rule 11 of the Federal Rules of Civil Procedure requires an unrepresented party to

personally sign all of his pleadings, motions, and other papers, and requires courts to "strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Finally, plaintiff has neither paid the $400 filing fee, nor sought leave to proceed *in forma pauperis*.

The Court will give plaintiff the opportunity to file an amended complaint to set forth his own claims for relief. In addition, plaintiff must either pay the $400 filing fee, or file a motion for leave to proceed *in forma pauperis* that is accompanied by a certified copy of his institution account statement for the six-month period immediately preceding the filing of the complaint.

Plaintiff is warned that the amended complaint will replace the original complaint. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and he must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10 as explained above. In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wants to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[1] Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim.

In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the specific factual allegations supporting his claim or claims against that defendant. As noted above, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal from this case. Finally, plaintiff must sign the amended complaint. *See* Fed. R. Civ. P. 11. The amended complaint will be subject to initial review pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the motion to proceed *in forma pauperis* form for prisoners.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's form within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $400 filing fee or file a motion to proceed *in forma pauperis* within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff files a motion to proceed *in forma pauperis*, he must also file a certified copy of his prison account statement for the six-month period preceding the filing of the complaint.

**If plaintiff fails to timely comply with this order, the Court will strike the complaint and will dismiss this action, without prejudice and without further notice.**

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of February, 2019.