# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| MARCUS SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19-cv-12-JMB |
| | ) |
| ANNE PRECYTHE, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. For the reasons explained below, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The background of this case is fully set forth in the Court's February 14, 2019 order. However, following is a brief recitation. Plaintiff, a prisoner, commenced this civil action along with three other inmates on February 4, 2019. *See Grace-Bey v Precythe, et al.,* No. 2:19-cv-8-RLW. Because the Court does not permit prisoners to join together and proceed *in forma pauperis* in a single lawsuit, the Court severed the plaintiffs and opened new cases for each one, using the complaint filed in the originating action.

In the case at bar, the Court reviewed the complaint and determined it failed to state a claim for relief against any of the named defendants. The Court further noted that plaintiff had neither paid the filing fee nor sought leave to proceed *in forma pauperis*. On February 14, 2019, the Court entered an order directing plaintiff to file an amended complaint to set forth his own claims for relief, and to also either pay the filing fee or seek leave to proceed *in forma pauperis*. In so doing, the Court fully explained why the complaint was subject to dismissal, gave plaintiff

clear instructions about what was expected, and cautioned him that, if he failed to timely comply with the order, the Court would dismiss this case without further notice.

Plaintiff's response was due to the Court on March 18, 2019. However, to date, plaintiff has neither complied with the Court's order, nor sought additional time to do so. Plaintiff was given meaningful notice of what was expected, and cautioned that his case would be dismissed if he failed to timely comply. Therefore, this action will be dismissed without prejudice due to plaintiff's failure to comply with this Court's February 14, 2019 order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where *pro se* plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so); *Fitzwater v. Ray*, 352 F. App'x 125, 126 (8th Cir. 2009) (per curiam) (district court did not abuse its discretion in dismissing action without prejudice when the *pro se* plaintiffs failed to comply with an order "directing them to file within fourteen days an amended complaint in conformity with Rule 8"); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

Dated this 25th day of March, 2019.

                                                                 E. RICHARD WEBBER
                                                                 UNITED STATES DISTRICT JUDGE